UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BENITO GUTIERREZ, et al.,
    Plaintiff(s),

v.

MISSION SUPPORT AND TEST SERVICES LLC,
    Defendant(s).

Case No. 2:25-cv-00339-ART-NJK

**Order**

[Docket No. 16]

    Discovery is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Unless such stipulation interferes with court proceedings or deadlines, parties may agree among themselves to discovery procedures without obtaining judicial approval. Fed. R. Civ. P. 29(b). Permissible extra-judicial discovery agreements may extend to establishing procedures and protections regarding the exchange of confidential discovery material. *See, e.g.*, *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 161 (E.D. Penn. 2019) ("Notwithstanding the absence of judicial *imprimatur*, the parties may agree to maintain confidentiality of discovery materials"); *David J. Frank Landscape Cont'g, Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis. 2001) ("The parties are free to enter agreements between themselves regarding how they will disseminate material produced in discovery").[1] When parties seek judicial approval of a discovery agreement that does not require judicial approval, judges are well within their discretion to deny such request as unnecessary. *See, e.g.*, *Comminey v. Sam's W. Inc.*, 2020 WL 2764610, at *1 (D. Nev. May 27, 2020) (overruling objection).

---

[1] If discovery material is later filed with the Court, a proper showing must be made at that point to support any request for sealing or redaction. *See, e.g.*, *Ricoh*, 332 F.R.D. at 161.

1

      Pending before the Court is a stipulated confidentiality agreement between the parties, accompanied by a joint request for judicial approval in the form of a protective order. Docket No. 16. As explained above, the parties' agreement already appears to be enforceable pursuant to Rule 29(b). No showing has been made as to why judicial oversight is required for the parties' agreement.

      Accordingly, the stipulation is **DENIED** without prejudice.

      IT IS SO ORDERED.

      Dated: July 3, 2025

                                                                Nancy J. Koppe
                                                                United States Magistrate Judge